TROY & ASSOCIATES, PLLC
JOHN TROY (JT0481)
41-25 Kissena Boulevard Suite 119
Flushing, New York 11355
Phone: (718) 762-1324
Fax: (718) 762-1342

*Attorneys for the Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LIN, CHANG MEI,

                              Plaintiff,

      -against-                         **COMPLAINT**

YEH'S BAKERY INC.

                              Defendants.
-------------------------------------------------------------------X

1. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under the Fair Labor Standards Act, 29 U.S.C. § 201 et ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331 and 1337.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 139 1(b) and (c), because Defendants conduct business in this District, and the acts and/omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

1

4. Plaintiff is a Chinese immigrant employed at Yeh's Bakery, Inc. as an employee starting from 2006 to present.

5. Plaintiff is engaged in commerce.  All employees at Yeh's bakery, Inc. are engaged in an industry affecting commerce.

6. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of the Fair Labor Standards Act and New York Labor Law.

## DEFENDANTS

7. Defendant Yeh's Bakery, Inc. was incorporated in New York.

8. The corporate defendant owns and operates Yeh's Bakery, Inc., located at 575 Main Street, Flushing, within New York County in the State of New York (hereinafter, "Yeh's Bakery").  Yeh's Bakery is an "enterprise", as defined by the Fair Labor Standards Act, and owed in whole or part by Yi Shih Yeh (hereinafter, "Defendant").

9. Yeh's Bakery is a business engaged in interstate commerce which had gross sales in excess of $500,000 per year.  The corporation that comprises Yeh's Bakery is an "enterprise" engaged in commerce and had gross sales in excess of $500,000 per year. Upon information and belief, Yeh's Bakery purchases and handles goods moved in interstate commerce.

10. Upon information and belief, Defendant Yi Shih Yeh is an owner and CEO of Yeh's Bakery.  He has the power to hire and fire employees, set wages, set terms and conditions of employment, and maintain employment records.

11. Upon information and belief, Defendant Yeh's Bakery is an owner and CFO of Yeh's Bakery.  He has the power to hire and fire employees, set wages, set terms and conditions of employment, and maintain employment records.

12. Defendants are Plaintiff's employers as defined by the Fair Labor Standards Act and New York Labor Law.

2

# FACTS

13. Plaintiff works six days a week.

14. Plaintiff regularly works for 60 hours per week.

15. Plaintiff is paid well below the minimum wage.

16. Plaintiff has never been informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act.

17. Defendants did not compensate Plaintiff overtime payment for his hours of work over 40 hours a week.

18. Plaintiff's work day exceeds ten (10) hours a day. However, Defendants has never paid Plaintiff an extra hour's pay at the minimum wage.

19. Defendants knowingly, intentionally, and willfully committed the alleged acts herein.

20. Defendants knew that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiff and violate state and federal laws.

21. Plaintiff was not compensated the federal and state minimum wages for all hours worked, including overtime.

22. Instead, Defendants neither paid Plaintiff for overtime hours, nor for the entire amount of regular hours which he worked.

23. Defendants did not post the required United States Department of Labor and New York State Department of Labor posters regarding minimum wage, overtime pay, and tips.

24. Upon information and belief, Defendants fail to keep full and accurate records of Plaintiff's hours and wages in order to avoid liability for their wage violations.

## FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Claims, 29 U.S.C. §§ 201,** *et seq.*

25. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

26. At all relevant times, Defendant has been, and continues to be an "employer" engaged in "interstate commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed "employee[s]" including Plaintiff.

27. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

28. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by FLSA for the minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**FLSA Overtime Violations, 29 U.S.C. §§ 201,** *et seq.*

29. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

30. Throughout the statute of limitations period covered by these claims, Plaintiff regularly works in excess of forty (40) hours per workweek.

31. At all relevant times, Defendants operated under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by FLSA.

32. At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

33. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by FLSA for overtime violations, attorneys' fees

and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.***

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35. Defendants knowingly pay Plaintiff less than the New York minimum wage for all hours worked.

36. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

37. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages in amount to be determined at trial, liquidated damages, and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
**New York Minimum Wage Act, Overtime Violations, N.Y. Lab. Law §§ 650 et seq.**

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. It is unlawful under New York law for an employer to permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

40. Throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates.

41. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### New York Spread of Hours Provisions,
### N.Y. Lab. Law §§ 650 *et seq.,* and 12 NYCRR § 142-2.4

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Plaintiff's workday regularly lasts longer than ten (10) hours.

44. Plaintiff was not compensated New York's "spread of hours" premium for days on which his shifts lasted longer than ten (10) hours.

45. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

46. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorney's fees pursuant to the New York Labor Law § 663.

## SIXTH CLAIM FOR RELIEF
### New York State Unlawful Deductions and Kickbacks,
### N.Y. Lab. Law §§ 193, 198-b, *et seq.*

47. Plaintiff alleges and realleges all the paragraphs above.

48. Defendants have taken unlawful deductions from Plaintiff's wages.

49. Defendants have taken unlawful kickbacks from Plaintiff.

50. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages in an amount to be determined at trial, liquidated damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including unpaid wages, unpaid overtime compensation, liquidated damages plus interest, to be paid by Defendants; spread of hm vehicl; and unlawful deductions and kickbacks

B. An award of punitive damages;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees and costs, including fees pursuant to 29 U.S.C. § 201 et seq., New York Labor Law § 663 and other applicable statutes.

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:   Flushing, New York
         April    , 2012

TROY &ASSOCIATES, PLLC
*Attorneys for Plaintiff*

_____

By: JOHN TROY (JT0481)
41-25 Kissena Blvd., Suite 119
Flushing, New York 11355
Tel: (718) 762-1324
Fax: (718) 762-1342