UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUO QIANG GAO,<br><br>Plaintiff,<br><br>v.<br><br>SALAAM BOMBAY, INC., KEDAR SHAH, RAMESH SHAH.<br><br>Defendants. | **ANSWER**<br>**AFFIRMATIVE DEFENSES**<br>**COUNTERCLAIM**<br>**AND JURY DEMAND**<br><br>1:12-cv-3151 |

Defendants Salaam Bombay, Inc., ("Restaurant"), Kedar Shah, and Ramesh Shah, (collectively hereinafter referred to as "Defendants") by way of Answer to the Complaint, states as follows:

1. Paragraph 1 of the Complaint requires no response.

### "AS TO JURISDICTION AND VENUE"

2. Paragraph 2 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 3 of the Complaint.

### "AS TO PLAINTIFF"

4. Defendants deny knowledge or information sufficient to form a belief that plaintiff, Zuo Qiang Gao ("Plaintiff"), is a Chinese immigrant. Defendants admit that Plaintiff worked intermittently at Salaam Bombay, and had quit his position on numerous occasions, and deny the

remaining allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint.

## "AS TO DEFENDANTS"

7. Defendants admit that Salaam Bombay, Inc. is a restaurant located at 319 Greenwich Street, New York, NY 10013, and is a corporation organized under the laws of the State of New York, and deny the remaining allegations in Paragraph 7 of the Complaint.

8. Defendants admit that Salaam Bombay, Inc. is a restaurant located at 319 Greenwich Street, New York, NY 10013, and is a corporation organized under the laws of the State of New York. The remainder of Paragraph 8 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every remaining allegation contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendants admit that Salaam Bombay, Inc. is a restaurant located at 319 Greenwich Street, New York, NY 10013, and is operated by, Ramesh Shah, and deny the remaining allegations in Paragraph 10 of the Complaint.

11. Defendants admit that Salaam Bombay, Inc. is a restaurant located at 319 Greenwich

Street, New York, NY 10013, and is operated by, Kedar Shah, and deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

## "AS TO FACTS"

13.     Defendants deny the allegations in Paragraph 13 of the Complaint and leave Plaintiff to his proofs.

14.     Defendants deny the allegations in Paragraph 14 of the Complaint and leave Plaintiff to his proofs.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint and leave Plaintiff to his proofs.

16.     Defendants deny the allegations in Paragraph 16 of the Complaint and leave Plaintiff to his proofs.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint and leave Plaintiff to his proofs.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint and leave Plaintiff to his proofs.

19.     Defendants deny the allegations in Paragraph 19 of the Complaint and leave Plaintiff to his proofs.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint and leave Plaintiff to his proofs.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint and leave Plaintiff to his

proofs.

22. Defendants deny the allegations in Paragraph 22 of the Complaint and leave Plaintiff to his proofs.

23. Defendants deny the allegations in Paragraph 23 of the Complaint and leave Plaintiff to his proofs.

24. Defendants deny the allegations in Paragraph 24 of the Complaint and leave Plaintiff to his proofs.

25. Defendants deny the allegations in Paragraph 25 of the Complaint and leave Plaintiff to his proofs.

26. Defendants deny the allegations in Paragraph 26 of the Complaint and leave Plaintiff to his proofs.

### "AS TO THE FIRST CLAIM FOR RELIEF:
**FLSA Minimum Wage Claims, 29 U.S.C. Sections 201, *et seq.*"**

27. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

28. Paragraph 28 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in

Paragraph 30 of the Complaint.

## "AS TO THE SECOND CLAIM FOR RELIEF:
### FLSA Overtime Violations, 29 U.S.C. Sections 201, *et seq.*"

31. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

32. Paragraph 32 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint and leave Plaintiff to his proofs.

34. Defendants deny the allegations in Paragraph 34 of the Complaint and leave Plaintiff to his proofs.

35. Paragraph 35 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 35 of the Complaint.

## "AS TO THE THIRD CLAIM FOR RELIEF:
### New York Minimum Wage Act, New York Labor Law Sections 650 *et seq.*"

36. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

37. Defendants deny the allegations in Paragraph 37 of the Complaint and leave Plaintiff to his proofs.

38. Paragraph 38 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 39 of the Complaint.

### "AS TO THE FOURTH CLAIM FOR RELIEF:
New York Minimum Wage Act, Overtime Violations, N.Y. Lab. Law Sections 650 *et seq.*"

40. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

41. Paragraph 41 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint and leave Plaintiff to his proofs.

43. Paragraph 43 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 43 of the Complaint.

### "AS TO THE FIFTH CLAIM FOR RELIEF:
New York Spread of Hours Provisions, N.Y. Lab. Law Sections 650 *et seq.*,
and 12 NYCRR Sections 142-2.4"

44. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

45. Defendants deny the allegations in Paragraph 45 of the Complaint and leave Plaintiff to his proofs.

46. Defendants deny the allegations in Paragraph 46 of the Complaint and leave Plaintiff to his proofs.

47. Defendants deny the allegations in Paragraph 47 of the Complaint and leave Plaintiff to his proofs.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 48 of the Complaint.

### "AS TO THE SIXTH CLAIM FOR RELIEF:
### Lack of Compensation for Maintenance of Delivery Vehicle, 12 NYCRR Sections 146-1.7"

49. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

50. Defendants deny the allegations in Paragraph 50 of the Complaint and leave Plaintiff to his proofs.

51. Paragraph 50 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 50 of the Complaint.

### "AS TO THE SEVENTH CLAIM FOR RELIEF:
### New York State Unlawful Deductions and Kickbacks,
### N.Y. Lab. Law Sections 193, 1989-b, *et seq.*"

52. Defendants repeat and re-allege each of the above paragraphs as if set forth at length herein.

53. Defendants deny the allegations in Paragraph 53 of the Complaint and leave Plaintiff to his proofs.

54. Defendants deny the allegations in Paragraph 54 of the Complaint and leave Plaintiff to his proofs.

55. Defendants deny the allegations in Paragraph 55 of the Complaint and leave Plaintiff to his

proofs.

56. Paragraph 56 of the Complaint asserts legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 56 of the Complaint.

### "AS TO PRAYER FOR RELIEF"

57. Defendants deny the allegations contained in the unnumbered paragraphs asserting prayer for relief, and its subparagraphs, and aver that Plaintiff is not entitled to any of the relief requested therein or any other relief.

### AFFIRMATIVE DEFENSES

Defendants make the following allegations as affirmative defenses without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. At no time material hereto did any of the Defendants act in a willful, wanton, reckless, and or malicious manner or with reckless disregard of the applicable laws.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to any of the relief requested in the Complaint and Defendants acted in good faith at all times.

### FOURTH AFFIRMATIVE DEFENSE

4. The Complaint is barred, in whole or in part, by the doctrines of laches, delay, waiver, estoppel, acquiescence, and or excuse.

## FIFTH AFFIRMATIVE DEFENSE

5. The Complaint is barred, in whole or in part, by misconduct on Plaintiff's part and/or unsatisfactory job performance.

## SIXTH AFFIRMATIVE DEFENSE

6. The Complaint is barred, in whole or in part, by Plaintiff's failure to utilize internal procedures to seek redress of any complaints Plaintiff purports to have.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint is barred, in whole or in part, by the doctrine of unclean hands, accord and satisfaction, offset and/or setoff.

## NINTH AFFIRMATIVE DEFENSE

9. The Complaint is barred, in whole or in part, by insufficient service of process.

## TENTH AFFIRMATIVE DEFENSE

10. Defendants are not "employers" under the FLSA, or the NYLL.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Complaint is barred, in whole or in part, based upon Plaintiff's fraudulent conduct, fraudulent identifications, and/or fraudulent social security identifications.

## TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint fails to set forth allegations with particularity and specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, the Portal-to-Portal Pay Act, 29 U.S.C. Section 255, and New York Labor Law Section 663.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.  Plaintiff's damages, if any, were caused by Plaintiff's own actions and/or omissions.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.  Plaintiff has ratified the activities of the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.  The Complaint fails to state a claim upon which compensatory, punitive or liquidated damages may be granted.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.  Any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the applicable law asserted herein were not willful, but occurred in good faith and were based upon reasonable factors.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.  An award of liquidated damages would be an unconstitutional denial of Defendants' rights to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

19.  Plaintiff's claims are barred in whole or in part because the work alleged to be unpaid is not compensable time under the applicable laws, including because it was preliminary, postliminary and/or *de minimis*.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims for vehicle maintenance and expenses are barred as Defendants never consented to compensate Plaintiff for same.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, as Plaintiff did not work the hours alleged, as Plaintiff unlawfully subcontracted his employment responsibilities and duties to others who were not employed by Defendants.

## ADDITIONAL DEFENSES

22. Defendants reserve the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation any equitable defenses.

**WHEREFORE**, Defendants respectfully request that this Court enter judgment in its favor, dismiss the Complaint with prejudice, award Defendants their costs, attorneys' fees and expenses, and grant such other relief as this Court deems proper.

Date: June 11, 2012

Respectfully submitted,

By: _____
Michael K. Chong, Esq.
*Attorney for Defendants*

## COUNTERCLAIM

Defendants Salaam Bombay, Inc., ("Restaurant"), Kedar Shah, and Ramesh Shah, (collectively hereinafter referred to as "Defendants" or "Defendants/Counterclaimants") raise the following Counterclaims:

## FIRST COUNTERCLAIM

1. Plaintiff worked intermittently at Salaam Bombay, Inc., and during his employment, he failed to appear for work on time, and had quit his position on numerous occasions.

2. During Plaintiff's employment, Plaintiff provided Defendants with, *inter alia*, inaccurate and/or false identification and tax identification, in violation of state and federal laws.

3. Defendants relied upon Plaintiff's false and fraudulent representations to their detriment.

4. As a direct and proximate result of Plaintiff's fraud, Defendants/Counterclaimants have been damaged.

5. Wherefore, Defendants/Counterclaimants demand judgment against Plaintiff for damages for fraud, compensatory damages, consequential damages, exemplary damages, punitive damages, together with all costs, interest, and attorney's fees to Defendants/Counterclaimants associated therewith, along with any other relief that the Court deems just and equitable.

## SECOND COUNTERCLAIM

6. Defendants/Counterclaimants repeat and re-allege each of the above paragraphs of the Counterclaim as if set forth at length herein.

7. Plaintiff worked intermittently at Salaam Bombay, Inc., and during his employment, he failed to appear for work on time, and had quit his position on numerous occasions.

8. During Plaintiff's employment, Plaintiff continually failed to perform his duties, including but not limited to, failing to show up for work, and showing up late for work, in violation of his agreement to accept employment with Defendants.

9. As a direct and proximate result of Plaintiff's conduct, Defendants/Counterclaimants have been damaged.

10. Wherefore, Defendants/Counterclaimants demand judgment against Plaintiff for damages

for fraud, compensatory damages, consequential damages, exemplary damages, punitive damages, together with all costs, interest, and attorney's fees to Defendants/Counterclaimants associated therewith, along with any other relief that the Court deems just and equitable.

### THIRD COUNTERCLAIM

11. Defendants/Counterclaimants repeat and re-allege each of the above paragraphs of the Counterclaim as if set forth at length herein.

12. Plaintiff worked intermittently at Salaam Bombay, Inc., and during his employment, he failed to appear for work on time, and had quit his position on numerous occasions.

13. During Plaintiff's employment, Plaintiff failed to perform his responsibilities, and fraudulently subcontracted his responsibilities to third parties who were not employed by Defendants.

14. As a direct and proximate result of Plaintiff's conduct, Defendants/Counterclaimants have been damaged.

15. Wherefore, Defendants/Counterclaimants demand judgment against Plaintiff for damages for fraud, compensatory damages, consequential damages, exemplary damages, punitive damages, together with all costs, interest, and attorney's fees to Defendants/Counterclaimants associated therewith, along with any other relief that the Court deems just and equitable.

### PRAYER FOR RELIEF

Wherefore, Defendants/Counterclaimants respectfully request that this court grant the following relief: Judgment against Plaintiff for damages for fraud, compensatory damages, consequential damages, exemplary damages, punitive damages, together with all costs, interest, and attorney's fees to Defendants/Counterclaimants associated therewith, along with any other relief that the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Defendants/Counterclaimants, demand a trail by jury on all issues so triable.

**WHEREFORE**, Defendants/Counterclaimants respectfully request that this court grant the following relief: Dismiss Plaintiff's Complaint and enter Judgment against Plaintiff for damages for fraud, compensatory damages, consequential damages, exemplary damages, punitive damages, together with all costs, interest, and attorney's fees to Defendants/Counterclaimants associated therewith, along with any other relief that the Court deems just and equitable.

Dated: June 11, 2012

Respectfully submitted,

By: _____
Michael K. Chong, Esq.
Law Offices of Michael Chong, LLC
300 Hudson Street, Ste. 10
Hoboken, NJ 07030
T: (201) 708-6675
F: (201) 708-6676
*Attorney for Defendants*