USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 27 2014

**TROY LAW, PLLC**
ATTORNEYS/COUNSELORS AT LAW
718.762.1324  johntroy@troypllc.com  Fax: 718.762.1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

June 25, 2014

**VIA ECF**
Honorable Laura Taylor Swain
U.S. District Court, Courtroom 12D,
Southern District of New York
500 Pearl Street
New York, NY 10007


MEMO ENDORSED

    Re:  **Request to Restore Matter to Active Calendar**
           **Gao, Zuo Qiang v. Salaam Bombay, Inc. et al., 12-cv-3151 (LTS) (MHD)**

Dear Judge Swain:

    We represent the Plaintiff in the above referenced matter. Plaintiff writes to inform the Court that although this matter was discontinued in light of the parties reaching a settlement agreement, Defendants have refused to honor that agreement. Your Honor issued a Stipulation of Voluntary Dismissal with Prejudice on August 13, 2013, but retained jurisdiction to enforce the agreement in the U.S. District Court for the Southern District of New York if necessary. *See* Civil Docket Entry 34. Accordingly, Plaintiff respectfully requests that the Court: (1) restore this matter to the active calendar, and (2) conduct a pre-motion conference in connection with Plaintiff's anticipated motion to enforce the settlement agreement approved by the Court on August 13, 2013.

### A. Factual Background

    Plaintiff brings claims to recover unpaid minimum and overtime wages, spread of hours pay, compensation for maintenance of the delivery vehicle, unlawful deductions and kickbacks, and liquidated damages plus interest pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 et seq. ("FLSA"), and provisions of the New York Labor Law. Plaintiff is a former employee of Defendants Ramesh Shah and Kedar Shah, who run a restaurant doing business as Salaam Bombay (Defendant Salaam Bombay, Inc.) located at 319 Greenwich Street, New York, NY 10013. Plaintiff was employed as delivery personnel.

    A settlement conference was held before Judge Dolinger on May 21, 2013. Defendants were represented by Michael Chong at this conference. The conference culminated in a settlement agreement where the specific sum and pay schedule were agreed upon.

    On April 28, 2014, this office reached out to Mr. Chong and Ramesh Shah, via e-mail, about reoccurring late payments which ultimately culminated into non-payments for the months of

Hon. Laura T. Swain
June 16, 2014
Page 2

January, March, May, and June. This office received no response from Mr. Chong and the e-mail address for Ramesh Shah returned a failed delivery status report. On May 14, 2014, this office reached out to Mr. Chong, via e-mail, informing him that his clients' payments were past due and that if the payments were not received shortly, Plaintiff would seek enforcement of the agreement through the court. Mr. Chong responded by simply stating that he no longer represented the Defendants.

### B. Legal Basis for Plaintiff's Anticipated Motion

Plaintiff respectfully submits that a valid and enforceable settlement agreement was reached in this matter. A district court has the "power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Transtech Elecs. Pte, Ltd. V. NAS-Transtech Elecs.*, 98 Civ. 1209 (JGK), 2000 U.S. Dist. LEXIS 4753, at *4 (S.D.N.Y April 12, 2000) (citing *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)).

Under New York law, "a settlement agreement is construed according to general principles of contract law." *Id.* (citing *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)). The settlement agreement "will be construed in accordance with the intent of the parties." *Davis v. Sapa*, 107 A.D.2d 1005, 1006, 484 N.Y.S.2d 568, 570 (3d Dept. 1985). When the terms of the agreement are unambiguous, "the court is required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning." *Transtech*, 2000 U.S. Dist. LEXIS 4753, at *5.

The terms of the settlement agreement are unambiguous. The settlement agreement contains a remedy for breach provision which expressly states that "[D]efendants shall have 14 days from the receipt of such notice to cure the breach. If the Defendants do not cure the breach within that time period, all payments that have not been yet made are accelerated and are immediately due as of the date of the breach." This office has yet to receive the scheduled payments for March, April, and May and because the 14 day time limit to cure the breach has expired, Plaintiff respectfully requests the court to enforce the settlement agreement.

Based on the foregoing, Plaintiff respectfully requests this Court: (1) to restore this matter to the active calendar; and (2) conduct a pre-motion conference in connection with Plaintiff's anticipated motion to enforce the settlement agreement approved by the Court on August 13, 2013.

> Plaintiff is directed to file a copy of the executed settlement agreement, which is not in the Court's official record, by July 2, 2014. The case is hereby reopened, and a conference will be conducted on July 18, 2014, at 11:00 AM.

Sincerely,

/s/John Troy
John Troy (JT 0481)
Troy Law, PLLC
41-25 Kissena Blvd., Suite 119,
Flushing, NY 11355
Tel: 718-762-1324
Fax: 718-762-1342
*Attorney for Plaintiff*

**SO ORDERED:**

_____ 6/26/14
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE