UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUO QIANG GAO,<br><br>Plaintiff,<br><br>v.<br><br>SALAAM BOMBAY, INC., KEDAR SHAH, RAMESH SHAH,<br><br>Defendants. | Civil Action No.: **12-CV-3151**<br><br>**SETTLEMENT AGREEMENT<br>AND<br><u>GENERAL RELEASE OF<br>CLAIMS</u>** |

   This Settlement Agreement and General Release of Claims ("Agreement" or "Settlement Agreement") is made and entered into by and between Plaintiff, Zuo Qiang Gao ("Plaintiff") on the one hand and Salaam Bombay, Inc., ("Defendant Corporation" or "The Company"), Kedar Shah and Ramesh Shah (the "Individual Defendants"), on the other hand, jointly and severally, their parents, subsidiaries, divisions, affiliates, successors, and related companies, and the officers, directors, agents, trustees, employees and representatives of all of them (hereinafter referred to collectively as "Defendants").

   WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

   WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. **12-CV-3151** (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

   WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

  1.  <u>Payment</u>: **Defendants shall pay to Plaintiff the gross sum of sixty thousand dollars ($60,000.00) (the "Settlement Amount"). Fifteen thousand dollars ($15,000) of the Settlement Amount will be paid within two weeks upon the execution of this Settlement Agreement. The residue of the Settlement Amount, forty-five thousand dollars ($45,000) will be paid in monthly installments of two thousand, five hundred dollars ($2,500) for eighteen (18)**

months. The settlement checks will be made payable and sent to: Troy & Associates, PLLC, 41-25 Kissena Boulevard Suite 119, Flushing, NY 11355.

2. **Upon the full execution of this Settlement Agreement, Plaintiff's employment with Defendants will end, and as provided for herein, Plaintiff further agrees to release Defendants from any and all claims as provided for herein.**

On receipt of the Settlement Amount by Troy & Associates, PLLC, the Court shall dismiss the Litigation, with prejudice, in the form set forth in **Exhibit A** to this Agreement.

Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to Plaintiff in this Agreement, Plaintiff shall indemnify and hold Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases and forever discharges Defendants from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had or claimed to have against Defendants regarding events that have occurred as of the Effective Date of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, Plaintiff's employment or termination, or any liability under any contract, tort, federal, state or local fair employment practices, or civil rights or any other law, including, but not limited to, the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Americans With Disabilities Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, or any and all common law claims, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, <u>except that</u> nothing in this Agreement shall operate to preclude Plaintiff from enforcing, nor shall adversely affect their right or ability to enforce, this Agreement or the Affidavit of Confession of Judgment.

3. <u>Confidentiality</u>: Plaintiff agrees that, except as required by law, they will keep entirely confidential and not disclose, directly or indirectly, any of the terms or conditions of the Agreement, any related negotiations, or the amount or nature of any consideration paid (either specifically or as a range), including the Settlement Amount, except as necessary to accountants, immediate family members, tax preparer, and attorneys, provided that they inform those entities and/or individuals of this provision requiring confidentiality and they agree to be bound by its terms.

Each party agrees to notify the other party's attorneys immediately of any attempts by any third parties to attempt to obtain or compel by legal process the disclosure of this Agreement or its contents. Plaintiff represents and agrees that any disclosure of information contrary to the terms of this confidentiality provision by his or any of his confidants noted above is a material breach and would cause Defendants injury and damage, the actual amount of which would be impossible to determine. Accordingly, Plaintiff consents to entry of injunctive relief in addition to any and all other remedies under this Agreement. Plaintiff agrees that Defendants will not have to post a bond in seeking said injunction. Further, the parties agree that if any legal proceedings are ever brought by Defendants concerning any alleged violations of this provision and Defendants prevail, Defendants shall also be entitled to recover their reasonable attorneys' fees and costs. In the event that either party or their attorneys receives inquiries from third parties regarding their dispute, they shall only state that the matter was resolved by mutual agreement.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5. <u>Dismissal of the Litigation</u>: Plaintiff shall file, within five (5) business days of receipt, a Stipulation of Dismissal with Prejudice (in the form of **Exhibit A**, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6. <u>Mutual Non Disparagement</u>: The parties agree that they will not engage in any conduct that is injurious to the reputation and interests of each other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing one another regarding any subject matter, including without limitation those that are relevant to the instant proceedings and the settlement of the Litigation.

7. <u>No Entry By Plaintiffs:</u> Plaintiff hereby covenants and agrees not to enter the Company's establishment and/or premises under any circumstances. Plaintiff further covenants and agrees not to contact the Company's employees at the Company's establishment and/or premises, unless Plaintiff first receives the prior written consent of the Company's principal.

8. <u>Response to Subpoena:</u> Plaintiff agrees that, in the event he is subpoenaed by any person or entity (including, but not limited to, any government agency) to give testimony (in a deposition, court proceeding, or otherwise) which in any way relates to the Defendants, their prior employment with Defendants, or to any subject matter relevant to the instant proceedings and the settlement of this matter, Plaintiff will give prompt notice of such request to Defendants and, if possible, will make no disclosure until Defendants have had a reasonable opportunity to contest the right of the requesting person or entity to such disclosure.

9. <u>Return of all Property</u>: Plaintiff represents he has returned to Defendants all Company property and any "Company Information" including, without limitation, mailing lists, reports, client lists, employee lists, files, memoranda, records and software, computer, door and file keys, security access codes, computer access codes, or disks and other physical or personal

property which Plaintiff received, prepared or helped prepare, or otherwise came in contact with and that Plaintiff will not retain any copies, duplicates, reproductions, or excerpts thereof. The term "Company Information" as used in this Agreement includes but is not limited to: (a) confidential information of the Company including, without limitation, information received from third parties under confidential conditions; and (b) other financial information or trade secrets, the use or disclosure of which might reasonably be construed to be contrary to the interests of the Company or its affiliates and other related companies.

10. <u>Employment References</u>: Any request for a reference with respect to Plaintiff will be referred to the Company. The Company will limit any response to confirming Plaintiff's title and dates of employment, and shall further state that in accordance with the Company's policy, no further information can be provided beyond this neutral reference.

11. <u>No Future Employment</u>: It is agreed that the employee-employer relationship between Plaintiff and the Company ended for reasons unrelated to any federal, state, or municipal statute or any cause of action Plaintiff has or may have had against the Company. It is further understood should Plaintiff again apply to work for the Company, in any capacity, the Company, based on this clause, may deny Plaintiff's employment for any position they seek, and that such denial will not be a violation of any federal, state or municipal statute and/or common law right and will not be deemed retaliatory in any way. Accordingly, it is agreed that Plaintiff will not seek employment with the Company after the execution of this Agreement.

12. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

13. <u>Acknowledgment</u>: Plaintiff and Defendants acknowledge that they have been fully and fairly represented by counsel in this matter.

14. <u>Miscellaneous</u>: As of the execution date of this Agreement, Plaintiff's Counsel represents and warrants that he is not presently aware of and has not solicited any individuals to bring or threaten to bring any action for unpaid wages or otherwise against Defendants or any one of them, nor is he cooperating with or assisting any attorney in any other action against Defendants or any one of them. Except as set forth herein, this Agreement shall not be cited in any matter for any purposes against Defendants, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators, benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort.

15. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

John Troy, Esq.
Troy & Associates, PLLC

41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342

To Defendants:

Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
303 Fifth Avenue, Suite 1302
New York, New York 10016
Tel: (212) 726-1104
Fax: (212) 726-3104

16.   Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the exclusive personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

17.   Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable. A failure by Plaintiff to execute a valid and enforceable release within twenty-one (21) days of Defendants' request shall result in Plaintiff's full return to Defendants of all amounts paid to them him under this Agreement.

18.   Release Notification and Withdrawal:

   a.   Defendants advise Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel. Plaintiff acknowledges that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought, and after an opportunity to consult with his attorneys.

   b.   Plaintiff acknowledges that they have been given an opportunity to consider this Agreement for at least twenty-one (21) days, and that they fully understand and agree to all of its terms.

   c.   Plaintiff may revoke this Agreement within seven (7) days of execution hereof. This seven (7) day period will begin to run for Plaintiff on the day after each Plaintiff has executed it. If Plaintiff revokes this Agreement, it shall be rescinded in its entirety as to the Plaintiff, and he will not receive the benefits set forth herein. Said revocation must be sent by

Fax and First-Class U.S. Mail, to Defense Attorney, and by Fax and received within seven (7) days of the execution of this Agreement.

19. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

20. <u>Remedies for Breach</u>:

(a) If the Defendants fail to make any payments in accordance with the terms of this Agreement, such act shall constitute a material breach of this Agreement.

(b) In the event of material breach after the Lawsuit is voluntarily dismissed, the Plaintiff shall give written notice to the Defendant, and the Defendants shall have 14 days from the receipt of such notice to cure the breach. If the Defendants do not cure the breach within that time period, all payments that have not been yet made are accelerated and are immediately due as of the date of the breach. The Plaintiff shall be entitled to the sum of $60,000 less any payments made to Plaintiff under the terms of this Agreement.

(c) The Defendants agree not to contest jurisdiction of any actions taken by the Plaintiff to enforce this agreement in the U.S. District Court for the Southern District of New York.

(d) If any party to this Agreement through subsequent legal proceedings or actions due to non-breaching party, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection with such proceedings or actions.

THERFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: _____      _____
                                 Zuo Qiang Gao

Dated: _____      _____
                                 Troy & Associates, PLLC
                                 *Attorney for Plaintiff*

                                 Salaam Bombay, Inc.

Dated: _____      BY:

Dated: __7/25/13__              _____
                                 Ramesh Shah

Dated: __7/25/13__              _____
                                 Kedar Shah

STATE OF NEW YORK      )
                       )SS.:
COUNTY OF              )

On __08/09/2013__ ~~2012~~ before me personally came to me Zuo Qiang Gao, known and known to me to be the individuals described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that they executed the same.

Notary Public _/s/ John Troy_

**JOHN TROY**
**Notary Public, State of New York**
**No. 02TR6121824**
**Qualified in Queens County**
**Commission Expires Jan. 31, 20__**

STATE OF ~~NEW YORK~~ (New Jersey)   )
                                      )SS.:
COUNTY OF _Passaic_                   )

On __July 25th '13__, ~~2012~~ before me personally came to me Ramesh Shah and Kedar Shah, known and known to me to be the individuals described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of Salaam Bombay, Inc., and duly acknowledged to me that they executed the same.

Notary Public

**TAMARA A EZMAT**
**Notary Public**
**State of New Jersey**
**My Commission Expires Jun 2, 2015**

STATE OF ~~NEW YORK~~ (New Jersey)   )
                                      )SS.:
COUNTY OF _Passaic_                   )

On __July 25th '13__, ~~2012~~ before me personally came to me Kedar Shah, known and known to me to be the individuals described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of Salaam Bombay, Inc., and duly acknowledged to me that they executed the same.

Notary Public

**TAMARA A EZMAT**
**Notary Public**
**State of New Jersey**
**My Commission Expires Jun 2, 2015**